UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| KATHRYN SILCOX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 4:05-CV-59-AS |
| ) | |
| THE PRUDENTIAL INSURANCE ) | |
| COMPANY OF AMERICA, and ) | |
| WABASH NATIONAL ) | |
| CORPORATION LONG TERM ) | |
| DISABILITY PLAN ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM, ORDER & OPINION**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff Kathryn Silcox filed a Motion to Dismiss the Counterclaim filed by Defendant The Prudential Insurance Company of America. The Court heard oral arguments on this motion in Lafayette, Indiana, and the issues have been fully briefed. For the reasons set forth below, Silcox's motion is **DENIED**.

I.   Background

On August 25, 2005, Kathryn Silcox filed a complaint against Prudential and Wabash National Corporation Long-Term Disability Plan, seeking long-term disability benefits under an employee welfare benefit plan maintained by her employer and underwritten by Prudential. Prudential filed an answer and affirmative defenses to Plaintiff's complaint, along with a counterclaim for reimbursement of an overpayment under the terms of the Policy. Prudential's counterclaim includes several allegations. First, Silcox received $21,311.86 in Personal Social Security Disability Benefits and $9,069.01 in Family Social Security Benefits for the period of

March 1, 2002 through October 27, 2003.  Counterclaim Count I, ¶ 8.  Second, under the terms of the Policy, any long-term disability benefits paid by Prudential are offset by the total amount of social security disability benefits received by the Silcox for the same period.  Counterclaim Count I, ¶ 9.  Third, Silcox received an overpayment of benefits in the amount of $30,380.87 and repaid Prudential all but $9,9069.01 of the overpayment.  Counterclaim Count I, ¶¶ 11-12.  Prudential now seeks payment of the remaining money through its counterclaim.

II.     Standard of Review

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is appropriate if the complaint sets forth no viable cause of action upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6); *Challenger v. Ironworkers Local No. 1,* 619 F.2d 645, 649 (7th Cir. 1980).  In assessing the propriety of a motion to dismiss for failure to state a claim upon which relief can be granted, the Court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff.  *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977-78 (7th Cir.1999).  The Court is not required to accept the plaintiff's legal conclusions.  *Fries v. Helsper*, 146 F.3d 452, 456 (7th Cir. 1998), *cert. denied* 525 U.S. 930 (1998).  Dismissal of a complaint is appropriate "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005) (internal citations omitted).

III.    Discussion

Silcox's primary argument is that this Court lacks subject-matter jurisdiction over Prudential's counterclaim because it is a legal, rather than equitable, claim to enforce its rights under the Policy.  Plaintiff's Motion to Dismiss Counterclaim at 2-4.  Silcox cites *Great-West*

*Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002), which held that legal relief is not authorized by § 502(a)(3) of ERISA. Prudential's claim is not based on ERISA, however; it is a compulsory counterclaim under Rule 13(a) and therefore does not require an independent grant of jurisdiction. *See Leipzig v. AIG Life Ins. Co.*, 362 F.3d 406, 410 (7th Cir. 2004).[1] That Prudential's claim is a legal claim also renders moot the issue of whether it has alleged identifiable funds and whether it is required to do so.[2] Finally, the Court notes that federal notice pleading standards do not require Prudential to spell out the requirements of the Policy in its pleadings. *See U.S. v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004) ("complaints need not plead facts or legal theories."). Therefore, Prudential's counterclaim is properly before the Court, and Prudential has satisfied federal notice pleading standards.

  IV. Conclusion

  Based on the foregoing, Kathryn Silcox's Motion to Dismiss Prudential's Counterclaim is **DENIED**.

**SO ORDERED**.

**DATE: September 26, 2006**

                <u>S/ ALLEN SARP</u>
                **ALLEN SHARP, JUDGE**
                **UNITED STATES DISTRICT COURT**

---

[1] The Court of Appeals stated in *Leipzig* that "[i]t is not clear to us why it matters whether [the insurance company] could have filed a stand-alone claim under § 502(a)(3). [The plaintiff's] suit is securely within the subject-matter jurisdiction of the district court, and a compulsory counterclaim does not require an independent grant of jurisdiction." 362 F.3d at 410.

[2] As the Court of Appeals for the Seventh Circuit has stated, a "complaint need not spell out every element of a legal theory" to provide adequate notice. *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999) (quoting *Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 261 (7th Cir. 1998)).

———